# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5967 | **DATE** | 3/23/2000 |
| **CASE TITLE** | KEVIN BOCK vs. COMPUTER ASSOCIATES INT'L, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plaintiff Kevin Bock's motion for summary judgment [33-1] is granted in part. Judgment is entered in favor of Bock and against defendants Computer Associates, Inc. and Platinum Technology, Inc. for $290,000 for the base pay component of the severance agreement. The motion is denied in all other respects. The parties shall present their joint final pretrial order on April 19, 2000 at 9:00 a.m.; plaintiff's draft pretrial order shall be given to defendants by April 10, 2000. This case set for trial on April 26, 2000 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 24 2000 | | 53 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | 3/23/2000 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| mks | courtroom deputy's initials | | | mks mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

00 MAR 23 PM 4:52

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN BOCK,                              )
                                         )
                    Plaintiff,           )     No. 99 C 5967
                                         )
        v.                               )     Judge Suzanne B. Conlon
                                         )
COMPUTER ASSOCIATES INTERNATIONAL,       )
INC. and PLATINUM TECHNOLOGY, INC.,      )
                                         )
                    Defendants.          )

MAR 24 2000

## MEMORANDUM OPINION AND ORDER

Kevin Bock sues Computer Associates International, Inc.
("Computer Associates") and Platinum Technology, Inc.
("Platinum") (collectively "defendants") for breach of a
severance pay agreement. Bock originally filed this claim in the
Circuit Court for DuPage County, Illinois. Defendants removed
the case to this court on September 10, 1999 asserting the
agreement was part of an employee welfare benefit plan subject to
the Employee Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. §1001, et seq. Bock moves for summary judgment pursuant
to Fed. R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

I    **The parties**

All facts are undisputed unless otherwise noted. Platinum
and Computer Associates are businesses engaged in the servicing

of computer networks and selling software.  Bock worked as a
salesman in the computer industry for various companies from 1988
until August 1995.  Platinum hired Bock in August 1995 as a
director of sales.  In January 1996, Platinum promoted Bock to
senior vice president for Replacement Business and Premier Plan
domestic sales.   At Platinum, Bock's compensation consisted of a
base salary and commissions. . Commissions were a significant
portion of his compensation; Bock's highest base salary was
$145,000, yet his total compensation exceeded $600,000 in 1996,
1997 and 1998.  Bock did not receive a yearly bonus as part of
his compensation package at Platinum.  Computer Associates
purchased Platinum in the spring of 1999.  As a result of the
change of ownership, Bock was terminated June 7, 1999.

## II    The severance agreement

In 1998, Platinum set up a severance program for executives
of the company.  Bock received his severance pay agreement ("the
agreement") from Larry Freedman, Platinum's general counsel, in
the fall of 1998.  The agreement provided for payment of
"Aggregate Severance Pay" in the event the executive was
terminated without cause after a change in control of the
company.  "Aggregate Severance Pay" was defined as the sum of
"(1) the Bonus Amount, plus (2) the product obtained by
multiplying (i) the Severance Pay Rate divided by twelve; by (ii)
the number of months in the applicable Payout period."

2

Plaintiff's 56.1 statement of facts ex. A(1) ¶ 1(d). The agreement defined "Severance Pay Rate", "Bonus Amount", and "Payout Period" as follows:

   a.   Severance Pay Rate: The annual rate of compensation payable by the Company to Executive as severance pay, which shall be equal to the sum of the greatest amount of each of (i) the base salary plus (ii) the incentive compensation, respectively, paid to Executive during any trailing 12 month period or periods (it being expressly understood that the 12 month periods utilized to determine base salary and incentive compensation may be different) during the 36 month period preceding termination of Executive's employment with the Company; provided, however, if Executive's annual base salary rate at the time of termination is greater than his base salary in the greatest trailing 12 month period, then such annual base salary rate shall be utilized for purposes of this Section 1(a).

   b.   Payout Period: A period of 24 months from the effective date of the termination of Executive's employment with the company.

   c.   Bonus Amount: The product of (1) the higher of (i) the annual bonus paid or payable, including by reason of any deferral, to the Executive by the Company or its affiliate companies for the most recently completed fiscal year prior to termination of Executive's employment with the Company, or (ii) the average annualized bonus paid or payable to the Executive by the Company or its affiliated companies in respect of the three fiscal years immediately preceding the fiscal year in which the Change in Control occurs, or (iii) Executive's targeted annual bonus for the fiscal year in which the Change in Control occurs and (2) a fraction, the numerator of which is the number of days in the current fiscal year through the date on which Executive's employment is terminated, and the denominator of which is 365.

Id. at ¶¶ (a)-(c). The agreement also provided for the execution of a release by Bock as a condition precedent to receiving the severance payment. Id. at ¶5(b). In essence,

under the agreement Bock was entitled to a severance payment
equal to the bonus amount added to twice the sum of; his highest
base salary plus his highest twelve month amount of incentive
compensation. Bock signed the agreement and returned it to
Freedman in September 1998.

Platinum sent the severance agreements to employees in a
package containing two copies of the agreement, a cover
memorandum, and a summary of the key elements of the agreement.
The cover letter explained the purpose of the severance program
and stated "the basic terms of the agreement are summarized on
the attached page." Defendant's 56.1 statement of facts ex. 9(3)
("Def. facts"). The summary attached to the cover memorandum
explained the amount of severance benefits and bonus as follows:

> Amount of Severance Benefit. The payout period for the
> salary component of the severance benefit program is
> set forth in sections 1(b) and 2(a)(i) of the Agreement
> and is calculated using the sum of base salary and
> bonus (in addition to making up a lost bonus
> opportunity). The amount of base salary plus bonus is
> determined based on the maximum amount paid to
> executive during any trailing 12 month period during
> the 36 months prior to termination of employment.

> Bonus Make-Up. If executive's employment is terminated
> involuntarily or constructively during the first year
> after the [change in control], a prorated bonus is
> payable based on the portion of the year worked (see
> section 1(c) of the Agreement). The prorated bonus
> would be equal to the greatest of (1) last year's
> bonus, (ii) the average of the last three years'
> bonuses, and (iii) this year's targeted bonus.

Def. facts at ¶ 8. Bock received the cover memorandum and
summary with his agreement, but claims he did not rely on them

4

when he signed it.

## III Bock's termination and the calculation of his severance

Computer Associates announced its intent to acquire Platinum on or about March 30, 1999. A few days after the announcement, Bock called Tom Slowey, Platinum's executive vice-president, and questioned him about the payout period. Slowey said he would check into it and remarked that Bock would do well under the agreement because he had a "great couple of years." Pl. facts at ¶ 38. In May 1999, Freedman told Bock that if he was terminated as a result of the acquisition, his severance pay would be $290,000, twice Bock's annual base salary and bonus but nothing for his commissions. Bock was not satisfied with this conversation and called Slowey again for clarification. Slowey said he would check with Freedman and get back to him. Later that day, Freedman left a phone message for Bock informing him the severance payout would be calculated using base salary and bonus, not commissions. Bock then contacted Andrew Filipowski, Platinum's chairman and CEO, who told him that "it should include commissions and all of that" and stated he would check into it. Id. at ¶ 44. Filipowski later left a message for Bock stating that Freedman had told him that commissions were not included in the severance calculation. On May 15, 1999, Freedman sent Bock and the other senior vice presidents an e-mail which stated Platinum never intended the term "incentive compensation" to be

5

interpreted to include commissions and that incentive compensation for severance payouts would be calculated using base salary and bonus, but not commissions.

On June 7, 1999 Computer Associates informed Bock he was terminated. On June 28, 1999, Bock received correspondence from Computer Associates informing him that under the agreement, he was entitled to a payout period of 24 months and a total payout of $290,000. This amount consisted of twice his highest base salary of $145,000, and $0 for his "Highest Incentive Compensation (Bonus) (as defined)." Id. at ex. D(9). The correspondence also included a release for Bock to sign pursuant to the agreement. Id. The release stated that Bock waived all claims against defendants and explicitly included "claims for severance pay" in its language. Id. Bock refused to sign the release because he claims it violated the release requirement in the agreement.

IV  **The dispute**

Bock disagrees with the severance amount indicated in Computer Associate's June 28, 1999 correspondence. At the time of his termination, Bock's greatest 12 month commission amount during the preceding 36 months was $673,214.00. His greatest base salary at the time of his employment was $145,000.00. Bock also received a $5,000.00 "bonus" for employee referrals in 1998. According to Bock's calculations, his severance payout should

have been $1,636,428.00. On July 21, 1999, Bock requested that Computer Associates pay him the $290,000 offered in the June 28, 1999 correspondence. Computer Associates refused to pay Bock because Bock refused to sign the release it sent with the June 28, 1999 correspondence. Thus, this dispute is over Bock's entitlement to severance benefits and, if so, whether the term "incentive compensation" includes commissions so that Bock's commission compensation should be included in the calculation of his severance benefits under the agreement.

Bock claims the term 'incentive compensation" in the definition of "severance pay rate" includes commissions. He claims he called Freedman before signing the agreement and asked him whether commissions were included in the severance package. Pl. facts ¶ 31. Bock alleges he told Freedman that, if it did not, he wanted to change his compensation to receive bonuses rather than commissions so that all his compensation would fall under the agreement, but Freedman told him it was unnecessary. Id. According to Bock, Freedman assured him he was covered and commissions were included in the definition. Id. Bock claims he relied on Freedman's assurance and his understanding that incentive compensation included commissions when he signed the agreement in September 1997. Ralph Manno, another senior vice president, stated that in April 1999, Freedman also told him that "incentive compensation" as used in the agreement included both commissions and bonus. Id. at ¶ 39. Freedman denies telling

7

anyone that incentive compensation included commissions. Def. resp. at ¶ 39.

According to Bock, "incentive compensation" is a standard industry term that includes commissions. Pl. facts ¶ 74. He asserts that commissions were considered incentive compensation at the other four companies he worked for. Id. ¶ 77. Bock claims "incentive compensation" means commissions in the compensation plans Computer Associates provides to its employees. Id. at ¶ 73. He contends his compensation plans at Platinum referred to commissions and bonus jointly and reflected an adjustment to Bock's commission under the heading "bonus." Id. ¶ 75. Defendants dispute that incentive compensation is a standard industry term and deny that the term had any particular meaning at Platinum or Computer Associates. Def. resp. ¶¶ 73-77.

Defendants assert the severance pay program purposely excluded commissions from severance pay calculations. According to Freedman, who drafted the document, it was always Platinum's intent to exclude commissions from the calculation of "incentive compensation." Def. facts ¶¶ 19-20. Defendants contend Platinum decided to exclude these payments because including them could have meant that some sales executives, like Bock, would have received more severance pay than Platinum's top officers. Id. at ¶ 13. Freedman claims he used the compensation plan of one of Platinum's top executives as his starting point and in that document "incentive compensation" meant bonus only and did not

include commissions. <u>Id.</u> at ¶ 12. Defendants assert the summary sent with the document shows that "incentive compensation" simply means salary plus bonus. Similarly, they assert that when the final design of the program was presented to Platinum's board, the calculations of liability under the program excluded commissions. <u>Id.</u> at ¶¶ 14-15. The May 27, 1998 memorandum to Platinum's board of directors explains the amount of severance benefits the same way as the summary. <u>Id.</u> Finally, Computer Associates denies it is liable to Bock for any payment, including the $290,000, because Bock has refused to sign a release as required by the agreement.

## DISCUSSION

### I   Legal standard

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Unterreiner v. Volkswagen of America, Inc.</u>, 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Becker v. Tenenbaum-Hill Assoc., Inc.</u>, 914 F.2d 107, 110 (7th Cir. 1990). The court considers the

record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir. 1993).

The parties agree that the agreement is an employee benefit plan governed by §502(a)(1)(B) of ERISA. The agreement does not grant defendants the discretionary authority to interpret the language of the plan. Therefore, the court reviews the denial of benefits under a *de novo* standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The claim for severance payments is really a claim to enforce a contract. Anstett v. Eagle-Picher Industries, Inc., 2000 WL 137127, *2 (7th Cir. Feb. 8, 2000) (to be reported at 203 F.3d 501). In interpreting a contract, the court's goal is to determine the intent of the parties. Collins v. Ralston Purina Co., 147 F.3d 592, 598 (7th Cir. 1998). When considering a contract in the context of an ERISA claim, federal common law rules of interpretation apply.[1] Central States, Southeast and Southwest

---

[1] Bock asserts Illinois law applies. He relies on Bourke v. Dun & Bradstreet Corp., 159 F.3d 1032, 1036 (7th Cir. 1998). However, Bourke is inapposite. In Bourke, neither party addressed ERISA and neither party disputed that Illinois law

Pension Fund v. Kroger, Co., 73 F.3d 727, 732 (7th Cir. 1996);

Hickey v. A.E. Staley Mfg., 995 F.2d 1385, 1389 (7th Cir. 1993).

Under federal common law, the court first must decide whether

the contract is ambiguous as a matter of law. Anstett, 2000 WL

13727 at * 2. A term is ambiguous if it is subject to reasonable

alternative interpretations. Hickey, 995 F.2d at 1389. If the

agreement is ambiguous, undisputed extrinsic evidence may be

considered to resolve the ambiguity. Anstett, 2000 WL 13727 at *

2. When there are no genuine issues of material fact, contract

interpretation is particularly well-suited for summary judgment.

Hickey, 995 F.2d at 1389. However, if the parties dispute the

extrinsic evidence on an ambiguous contract, then a fact-finder

must be called upon to determine the intent of the parties.

Central States, 73 F.3d at 732. Bock contends summary judgment

is warranted because the term "incentive compensation" is

unambiguous and clearly includes commissions in the severance pay

amount. Defendants argue summary judgment is not appropriate

because their interpretation of the agreement is reasonable and

the extrinsic evidence is in dispute.

---

applied. Id. at 1036. As a result, the court explicitly treated
the dispute as a diversity contract case and applied Illinois
law. Id. Here, the parties agree the plan is governed by ERISA.
"ERISA preempts state decisional rules [of contract
interpretation], and any ambiguities in ERISA plans and insurance
policies should be resolved by referring to the federal common
law rules of contract interpretation." Phillips v. Lincoln Nat'l
Life Ins. Co., 978 F.2d 302, 307 (7th Cir. 1992) (citing Hammond
v. Fidelity and Guaranty Life Ins. Co., 965 F.2d 428 (7th Cir.
1992).

## II   Ambiguity in the agreement

A contract is ambiguous when parties suggest different, yet reasonable interpretations.  Central States,, 73 F.3d at 732. The parties dispute whether it is reasonable to conclude that by using the term "incentive compensation" they intended to only include salary and bonus in the severance payment amount, rather than also including commissions.  In determining whether a contract is ambiguous, the court first looks to the relevant language of the plan.  Ansett, 2000 WL 137127, *2.  The court must examine not only the term itself, but also the context of the term.  In Re New Valley Corp., 89 F.3d 143, 151 (3d Cir. 1996); Taracorp, Inc. v. NL Industries, Inc., 73 F.3d 738, 744 (7th Cir.1996).  In the context of the agreement, "incentive compensation" is not so clear that there can only be one reasonable interpretation.  The agreement does not define the term or give any illustration to explain its meaning.  While it certainly is reasonable that by using the term "incentive compensation" the parties intended to include commissions in the severance payout amount, when the entire agreement is considered, it is also a reasonable interpretation that they only meant to include an executive's bonus.

Bock claims the agreement is unambiguous and "incentive compensation" clearly includes commissions.  He argues that any other interpretation of the term is unreasonable and renders the

term completely meaningless in violation of the basic contract principle that meaning should be ascribed to every term in a contract. <u>Atlantic Mutual Ins. Co. v. Metron Engineering and Construction Co.</u>, 83 F.3d 897, 900 (7th Cir. 1996). According to Bock, if "incentive compensation" means only bonus, then bonus is counted twice in the severance pay calculation. He concludes aggregate severance pay would be calculated based on "bonus amount," plus; base salary plus "incentive compensation" (bonus) times the payout period. Bock concludes there is no reason for the agreement to use two different terms, "bonus amount" and "incentive compensation," to describe an executive's bonus and defendants' interpretation is unreasonable.

Bock further argues defendants' interpretation is inconsistent with the presumption that a term used in one sense in a contract is used in that same sense throughout the contract. The term "bonus amount" is defined in the agreement. However, in the provision at issue, the agreement does not use the term "bonus" but instead uses the undefined phrase "incentive compensation." Bock claims that by using the word "bonus" in one part of the agreement, but not using that term in another part, the evident intent is that the term "incentive compensation" must have a meaning that is different from the meaning ascribed to the word "bonus" appearing elsewhere in the contract. He concludes that by using a word different than bonus, the drafter intended the term to encompass more than

13

simply bonus. Finally, Bock contends it is unfathomable that
defendants would use "incentive compensation" if they intended to
mean past bonus. He argues that if defendants meant past bonus,
they should have said past bonus and not used a phrase which
connotes more than bonus.

Bock's arguments are unpersuasive. When all relevant parts
of the contract are read together, defendants' interpretation of
"incentive compensation" can be viewed as reasonable. When
calculating the "severance pay rate," the agreement takes into
account an executive's greatest base salary and highest
"incentive compensation" from the previous 36 months. The
agreement provides for a separate payment called "bonus amount,"
which is defined in the agreement and is designed to compensate
participants for lost bonus opportunity in the event they were
terminated mid-year. Under this provision, a participant who
usually received a year-end bonus, but was terminated in June,
would receive a "bonus amount" proportional to that year's
anticipated bonus plus severance pay calculated on his past
years' base salary and "incentive compensation." Contrary to
Bock's contention, defendants' interpretation of "incentive
compensation" does not necessarily lead to double bonus
compensation. It simply insures proportional bonuses in the
event of a mid-year termination. Similarly, bonus amount
referred to compensation for a bonus lost because of mid-year
termination, while "incentive compensation" referred to the

highest bonus received by the executive in the last three years. The drafter could not use the same term because the provisions had different meanings. When read in conjunction with the definition of "bonus amount," the drafter's decision not use the word "bonus" and instead to use the term "incentive compensation" to describe a past bonus can be interpreted as reasonable.

Defendants' interpretation of "incentive compensation" does not necessarily render the term meaningless or violate the rules of contract construction. While "incentive compensation" may not have been the best term to describe what essentially is only past bonus, defendants' interpretation is not unreasonable. It was the drafter's failure to use clear language that leads to the finding of ambiguity. In short, simply from reading the agreement, it is unclear whether the term "incentive compensation" refers only to an executive's bonus or also includes commissions. Accordingly, the contract is ambiguous and the court must look to extrinsic evidence to determine its meaning.

This conclusion is supported by the summary explanation included with the agreement. Normally, the court will only look to the document itself to determine if an agreement is ambiguous. However, under limited circumstances, objective extrinsic evidence may be considered to show that an otherwise unambiguous contract contains ambiguity. Mathews v. Sears Pension Plan, 144 F.3d 461, 466 (7th Cir. 1998). The Seventh Circuit applied this

doctrine of extrinsic ambiguity to single employer ERISA plans in
Mathews.[2]  Id.  To be admissible to establish an ambiguity,
extrinsic evidence must be objective; it must not depend on the
credibility of testimony of an interested party.  Id. at 467.
Here, the summary sent with the agreement meets this requirement.
The summary was prepared at the same time as the agreement,
before Bock signed the agreement and well before this dispute.
See Mathews, 144 F.3d at 467 (plan summary is presumptively
reliable guide to the contents of the plan itself).  Thus, it is
proper to examine the summary to reveal an ambiguity in the
agreement.

     The summary document supports defendants' contention that
"incentive compensation" refers only to bonus.  The summary
document explains that the amount of severance payout is
calculated "using the sum of base salary and bonus (in addition
to making up a lost bonus opportunity)."  It makes no reference
to commissions whatsoever.  While not "brutally clear" as
defendants contend, the summary supports a conclusion that

_____

     [2]Bock argues the doctrine of extrinsic ambiguity should not
apply because the agreement contained an integration clause and
the Illinois Supreme Court recently rejected the doctrine and
determined that integration clauses are valid and enforceable
under Illinois law. Air Safety, Inc. v. Teachers Realty Corp.,
706 N.E.2d 882 (Ill. 1999).  However, in Mathews, the Seventh
Circuit explained that when interpreting an ERISA agreement "the
relevant principles of contract interpretation are not those of
any particular state's contract law, but rather are a body of
federal common law tailored to the policies of ERISA."  144 F.3d
at 465.  The court then applied the doctrine in a single employer
ERISA pension plan context.

incentive compensation is made up only of bonus in the context of
the agreement.  At a minimum, the summary reveals the term's
ambiguity.  Bock's alleged phone call also suggests the agreement
is ambiguous.  If the agreement was susceptible to only one
interpretation, he would not have needed clarification before
singing it.  Even if the language of the agreement is not
intrinsically ambiguous, the objective extrinsic evidence shows
the agreement can be reasonably interpreted more than one way.

## III  Extrinsic evidence

Because the agreement is ambiguous, the court must look to
extrinsic evidence to determine whether the meaning of the term
remains ambiguous.  <u>Collins</u>, 147 F.3d at 598.  The parties submit
extrinsic evidence in support of their competing
interpretations.   In addition to the plan summary, defendants'
position is supported by the May 27, 1998 memorandum to
Platinum's board of directors.  The memorandum's explanation of
severance benefits is the same as the summary's.  Defendants also
rely on Freedman's testimony that Platinum always intended to
exclude commissions from the severance pay amounts and that the
agreement was based on a Platinum executive's compensation plan
that defined "incentive compensation" as bonus only.  Bock's
interpretation would give him a severance package larger than
Platinum's top executives and would subject Platinum to a
substantial and unintended liability.  This suggests that

defendants' understanding is more likely the correct one. Collins, 147 F.3d at 598-99. In short, defendants present sufficient evidence from which the fact finder could reasonably conclude "incentive compensation" did not include commissions.

There is also extrinsic evidence that supports Bock's interpretation of the agreement. Bock testified that "incentive compensation" is a standard industry term that includes commissions. He presents compensation plan documents from Platinum and Computer Associates that suggest commissions were included in the companies' definitions of "incentive compensation." He submits documents from his own compensation plan in which Platinum used the terms "commissions" and "bonus" interchangeably. More importantly, Bock presents testimony that Freedman told him and another senior sales executive that their severance payouts included their commissions. However, Bock's most persuasive extrinsic evidence is disputed. Defendants present the testimony of Slowey, Filipowski and Freedman who dispute that "incentive compensation" is a standard industry term and deny that "incentive compensation" had any particular meaning at Platinum. Furthermore, Freedman denies he told anyone commissions would be included in the severance payouts. Thus, there are material issues of fact regarding key extrinsic evidence.

The issues of material fact surrounding Bock's extrinsic evidence preclude summary judgment. Central States, 73 F.3d at

732 (because of ambiguity in bargaining agreement under ERISA the district court should not have declared its meaning as a matter of law on summary judgment). At summary judgment, all disputed facts must be resolved in the non-movants' favor. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). Resolving all factual disputes in favor of defendants, there is insufficient evidence to rule in favor of Bock as a matter of law. As the Seventh Circuit stated in Lumpkin v. Envirodyne Industries, Inc., 933 F.2d 449, 456 (7th Cir. 1991), "if the parties dispute the extrinsic evidence on an ambiguous contract, then a fact-finder must be called upon to determine the intent of the parties." See also Overton v. City of Harvey, 29 F.Supp.2d 894, 909 (N.D.Ill. 1998).

Bock argues that the doctrine of *contra proferentem*, that an ambiguous contract should be interpreted against the party who drafted it, should apply and the ambiguity in the contract should be interpreted against defendants. However, the doctrine is a construction rule of last resort. It comes into play only when neither the extrinsic evidence nor other methods of construction can resolve the ambiguity. Baker v. America's Mortg. Servicing, Inc., 58 F.3d 321, 327 (7th Cir. 1995). Here, the extrinsic evidence is disputed and the court cannot determine the meaning of the contract as a matter of law. Application of *contra proferentem* is premature. Accordingly, Bock's motion for summary

judgment for severance payment amounts based on incentive compensation in the form of commissions must be denied.

## IV  Severance pay for base salary

Bock claims that, at a minimum, he is entitled to partial summary judgment granting a $290,000 award under the agreement for the base pay component of his severance pay. Defendants do not deny that Bock deserves $290,000 under the agreement. However, they claim Bock is not entitled to payment because he never signed a release, which is a condition precedent to payment under the agreement. Bock argues his refusal to sign a release is no defense because the only release provided by defendants was in direct violation of the agreement.

The agreement required Bock to sign a release of claims against Platinum, and any successor, as a condition precedent to receiving payment. Bock was required to execute a release "in a form satisfactory to the Company, releasing any and all claims arising out of Executive's employment (other than claims made ... under any employee benefit plans or executive compensation plans of the Company, or enforcement of this Agreement)." The release required Bock to:

> waive, release and forever discharge [defendants] from any and all known and unknown actions, causes of action, claims, liabilities, losses, costs, legal fees, or expenses of any kind which have or could be asserted against the [defendants] arising out of or related to [Bock's] employment with and/or any separation from employment with [defendants] and/or any other occurrence up to and including the date of this Waiver

and Release Agreement, including but not limited to:...
claims for severance pay[.]

Pl. facts ¶ 49.  By requiring Bock to waive all claims including any claims for severance pay, the release defendants provided Bock violated the terms of the agreement.  Bock was required to sign a release to receive payment, but according to the agreement, the release could not force him to waive claims under employee benefit plans, executive compensation plans, or the agreement itself.  Defendants' release required him to do exactly that.

Bock's refusal to sign a release is not a valid defense to Bock's claim for summary judgment for the severance payment for his base salary.  Bock advised defendants he was prepared to accept $290,000 without prejudice to the remainder of his claim. Bock claims he is, and has always been, willing to execute a release that complies with the terms of the agreement.  "It is basic contract law that a party who prevents the occurrence of a condition precedent may not stand on that condition's non-occurrence to refuse to perform his part of the contract." Swaback v. American Info. Technologies Corp., 103 F.3d 535, 542 (7th Cir. 1996) (employer responsible for misrepresentation which prevented employees from completing condition precedent could not rely on condition's nonoccurrence to deny benefits under ERISA plan).  Accordingly, partial summary judgment must be granted awarding Bock $290,000 representing the base pay component of his

severance pay under the agreement.

## CONCLUSION

The motion for summary judgment is granted in part. As a matter of law, Bock is entitled to judgment in the amount of $290,000 for the base pay component of his severance agreement. The motion is denied in all other respects.

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

March 23, 2000





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4057 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Contimortgage vs. Rodriguez, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter order approving report of sale and distribution and order for possession of the premises commonly known as 1315 W. Ridgeland Ave., Waukegan, Il. 60085.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

TP/ WCS
courtroom deputy's initials

number of notices

MAR 24 2000
date docketed

docketing deputy initials

00 MAR 23 PM 4:56
date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

13

oas.def  FISHER AND FISHER FILE # 39571
# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Contimortgage Corporation )
    Plaintiff )  Case No. 99 C 4057
VS. )  Judge Conlon
Jose Luis Rodriguez and Imelda Rodriguez )
    Defendant )

**DOCKETED MAR 24 2000**

## ORDER APPROVING REPORT OF SALE AND DISTRIBUTION
## AND ORDER FOR POSSESSION

This cause coming to be heard on Plaintiff's motion for the entry of an order approving the Report of Sale and Distribution filed by the duly appointed Special Commissioner of this Court.

The court having examined said report finds that the Special Commissioner has in every respect proceeded in accordance with the terms of this Court's Decree and that said sale was fairly and properly made, and that the proceeds derived therefrom were properly distributed but were not sufficient to pay in full the amount due Plaintiff leaving a deficiency of $ 34,279.73.

IT IS ORDERED that the sale of the premises involved herein by said commissioner, the distribution by him of the proceeds of sale, issuance of the Commissioner's Certificate of Sale and his Report of Sale and Distribution of proceeds of said sale, be and the same is hereby approved and confirmed.

IT IS FURTHER ORDERED that the Plaintiff have an In Rem Deficiency Judgment in the amount of $34,279.73.

IT IS FURTHER ORDERED that the United States Marshall and/or Sheriff of LAKE County remove from possession of the premises commonly known as 1315 W. Ridgeland Ave., Waukegan, IL 60085  the defendants, Jose Luis Rodriguez, and Imelda Rodriguez, and that he put the plaintiff/bidder or their nominee into full and complete possession thereof. The eviction shall not be held until 31 days after the date of this order.

IT IS FURTHER ORDERED that the LAKE County Sheriff complete the eviction of the premises commonly known as 1315 W. Ridgeland Ave., Waukegan, IL 60085 within 45 days of the filing of this order and payment of the necessary fee with the LAKE County Sheriff's office.

1



ENTERED: _Suzanne B. Conlon_
JUDGE

DATED:_____
Elizabeth F. Kaplan: Renee F. Meltzer:Michael S. Fisher
Erik E. Blumberg: Marc D. Engel: Julie E. Fox: Elizabeth T. Sewruk
FISHER AND FISHER, Attorneys at Law, P.C.
120 N. LaSalle Street, Chicago, IL 60602, (773) 854-8055

RECEIVED

MAR 2 0 200

CLERK, U.S. DISTRICT COURT





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6777 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Susan Waukeen Doll Co. vs. Ashton Drake | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Trial (Jury) held; and concluded. Jury deliberation began and continued to 3/24/00 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| ✓ | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 24 2000 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MPJ | courtroom deputy's initials | date mailed notice |

Document Number

21

'00 MAR 23 PM 6:12

Date/time received in central Clerk's Office

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5177 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Natalie Johnson, etc., et al. vs. George Vallas, etc., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Parties submit final pretrial order in open court. Parties given until 4/5/00 to file any motions in limine. Responses to motions in limine to be filed by 4/12/00. Case added to list of cases on the court's civil trial calendar as ready and awaiting trial subject to a three or four day telephone notice from my staff.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | 3 | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | MAR 2 4 2000 | | **37** |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | | |
| | Mail A 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | 3/23/2000 | | |
| | | | | date mailed notice | | |
| WJS | courtroom deputy's initials | | '00 MAR 24 AM 8:07 | WJS | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2137 | **DATE** | 3/23/2000 |
| **CASE TITLE** | ROBERT DE FALCO vs. OAK LAWN PUBLIC LIBRARY | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for a continuance (1) and motion for appointment of counsel (2)

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motions for continuance and for appointment of counsel are denied. Plaintiff is advised that failure to notice his motion on this court's call in accordance with its standing order shall result in the motion being stricken. ALL SET DATES STAND.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | MAR 2 4 2000 |
| ✓ | Docketing to mail notices. | | date docketed |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials |
| mks | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7767 | **DATE** | 3/23/2000 |
| **CASE TITLE** | William E. Dugan, et al vs. Asbestos Consulting Specialists, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Plantiffs' motion for default judgment continued to 4/6/00 at 9:00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| ✓ | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

ETV

courtroom deputy's initials

number of notices

MAR 24 2000

date docketed

docketing deputy initials

date mailed notice

'00 MAR 23 PM 4:46

Date/time received in central Clerk's Office

mailing deputy initials

Document Number





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5685 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Sanders vs. Marovich, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Defendants' motion for leave to file Reply brief in support of their motion for summary judgment instanter is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | Document Number |
| | Notified counsel by telephone. | | MAR 2 4 2000 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| MPJ | courtroom deputy's initials | '00 MAR 23 PM 6:11 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6489 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Eastern Savings Bank, FSB vs. Marcia Brown, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion For Judgment Of Foreclosure

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) □ Brief in support of motion due _____.

(3) □ Answer brief to motion due_____. Reply to answer brief due_____.

(4) □ Ruling/Hearing on _____ set for _____ at _____.

(5) □ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) □ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) □ Trial[set for/re-set for] on _____ at _____.

(8) □ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) □ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
□ FRCP4(m) □ General Rule 21 □ FRCP41(a)(1) □ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion granted. Motion for default order granted. Enter Default Order. Enter Order Appointing Gerald Nordgren Special Commissioner. Enter Judgment of Foreclosure.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | number of notices | | **Document Number** |
|---|---|---|---|---|---|---|---|
| | No notices required. | | | | | | |
| | Notices mailed by judge's staff. | | | | MAR 24 2000 | | |
| | Notified counsel by telephone. | | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | docketing deputy initials | | 5 |
| | Mail AO 450 form. | | | | | | |
| | Copy to judge/magistrate judge. | | | | | | |
| ETV | courtroom deputy's initials | 00 MAR 23 PM 4:46 | | Date/time received in central Clerk's Office | MAR 2 2000 date mailed notice mailing deputy initials | | |

njf3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Eastern Savings Bank, FSB | ) |
| Plaintiff | ) |
| VS. | ) |
| Marcia Brown a/k/a Marcia Randolph, | ) |
| Defendant | )   NO. 99 C 6489 |
| | )   Judge Pallmeyer |
| | ) |
| | ) |
| | ) |
| | ) |

### DEFAULT ORDER

THIS CAUSE COMING ON TO BE HEARD ON motion of plaintiff for entry of an Order finding certain Defendants in default;

IT IS ORDERED the following defendants are in default:

Marcia Brown a/k/a Marcia Randolph.

ENTER: _____
       JUDGE

**DOCKETED**

MAR 2 4 2000

Elizabeth Kaplan Meyers
Renee F. Meltzer
Michael S. Fisher
Elizabeth T. Sewruk
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
ATTORNEYS AT LAW, PC
120 N. LASALLE, SUITE 2520
CHICAGO, IL 60602
TELEPHONE: 773-854-8055



njf5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Eastern Savings Bank, FSB )
Plaintiff )
VS. )
Marcia Brown a/k/a Marcia Randolph, )
Defendant ) NO. 99 C 6489
) Judge Pallmeyer
)
)
)
)

## ORDER APPOINTING SPECIAL COMMISSIONER

IT IS ORDERED THAT  Gerald Nordgren  is  hereby  appointed  Special

Commissioner of this Court for the purpose of the sale at public venue of the

property that is the subject matter of this action.

ENTERED: _____
JUDGE

**DOCKETED**

MAR 2 4 2000

**Elizabeth Kaplan Meyers**
**Renee F. Meltzer**
**Michael S. Fisher**
**Elizabeth T. Sewruk**
**Erik E. Blumberg**
**Marc D. Engel**
**Julie E. Fox**
**FISHER AND FISHER**
**Attorneys at Law PC**
**120 N. LaSalle St.**
**Chicago, IL 60602**
**(773) 854-8055**

5

njf1

**Fisher And Fisher**
**File # 36823**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Eastern Savings Bank, FSB** ) | |
| **Plaintiff** ) | |
| **VS.** ) | |
| **Marcia Brown a/k/a Marcia Randolph,** ) | **NO. 99 C 6489** |
| **Defendant** ) | **Judge Pallmeyer** |
| ) | |
| ) | |
| ) | |

### JUDGMENT OF FORECLOSURE

This cause coming on to be heard on Plaintiff's Motion for Judgment, the Court FINDS:

1.   That it has jurisdiction of the parties hereto and the subject matter hereof and that service of process in each instance was properly made.

2.   That the date when the last of the owners of the equity of redemption were served with summons or by publication was October 7, 1999.

3.   That the redemption period in this case shall expire on June 24, 2000, unless shortened by further order of this Court.

4.   That by virtue of the Mortgage and the Note secured thereby, there is due from the Mortgagors to the Plaintiff, and the Plaintiff has a valid and subsisting lien for said amount upon the hereinafter described property as follows:

| | |
|---|---|
| Unpaid Principal: | $ 127,343.38 |
| Accrued interest on unpaid principal to March 23, 2000: | $   27,692.92 |
| Advances by Plaintiff: | $     2,192.24 |
| Late Charges: | $     1,487.47 |
| Bankruptcy Costs & Fees: | $        450.00 |
| Costs of Suit: | $        815.00 |
| Plaintiff's Attorneys' fees: | $        950.00 |
| TOTAL JUDGMENT INDEBTEDNESS | $ 160,931.01 |

**DOCKETED**

**· MAR 2 4 2000**



5.  The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Deeds of COOK County, Illinois as Document No. 97198323, and the subject property is legally described as follows:

Lot 21 and Lot 22 in Block 5 in Richardson's Subdivision of the Northeast quarter of the Northeast quarter of Section 36, Township 38 North, Range 14, East of the Third Principal Meridian, in Cook county, Illinois c/k/a 8050 S. Luella Ave., Chicago, IL 60617 Tax ID#20-36-212-042

6.  The names of Defendants personally liable for the deficiency, if any are: Marcia Brown

7.  The rights and interests of all the other parties to this cause in the subject property, are inferior and subordinate to the lien of the Plaintiff and are described as follows:  NONE.

The aforementioned liens are not to be considered judgments by virtue of this Order, but which are subject to further order of this Court.

8.  The Plaintiff has been compelled to retain legal counsel and to advance money in payment of costs, fees, expenses and disbursements for taxes, assessments and insurance in connection with this foreclosure, which under the terms of the Mortgage are made a lien upon the mortgaged real estate and which the Plaintiff is entitled to recover together with interest on all advances at the rate of interest provided in the Mortgage, from the date on which such advances are made.

9.  The allegations in Plaintiff's Complaint are true, and the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief prayed for in the Complaint including foreclosure of said Mortgage upon the real estate described therein in the amount of the Total Judgment Indebtedness as found above, together with interest thereon at the statutory rate after the entry of this Judgment and with additional advances, expenses, and court costs as may be paid out by Plaintiff thereafter.

# IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1.  REDEMPTION:  The Defendant(s) homeowner(s) are ordered to pay to the Plaintiff the Total Judgment Indebtedness found due above before the expiration of the redemption period together with additional attorneys' fees, costs, advances, and expenses incurred thereafter with interest.  In default of such payment, upon expiration of the redemption period, the mortgaged real estate may, at Plaintiff's discretion, be sold to satisfy the amount due to the Plaintiff together with the interest, advances, and expenses incurred after judgment at the statutory judgment rate from the date of the Judgment. This Court has approved the portion of the lien attributable to attorneys' fees in Finding 4 only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant in the event of redemption by defendants, or a deficiency judgment, or otherwise. In the event of redemption by Defendant or for purposes of any personal deficiency judgment, this Court reserves the right to review the amount of attorneys' fees to be included for either such purpose. Plaintiff's counsel is required to notify defendants of the provisions of this paragraph.

2.  THE SALE shall be by public auction with open verbal bid conducted by a Special Commissioner to be appointed by this Court.  Exceptions to which title shall be subject at the sale shall include unpaid general real estate taxes, special assessments upon the real estate, easements and restrictions of record, as well as any liens of records prior in right and interest to the lien herein foreclosed as well as any subordinate liens not included in this action and not foreclosed hereby.

3.  PUBLICATION FOR SALE A Notice Of Sale specifying the time, date and location of the sale and identifying and describing the real estate to be sold shall be published at least three consecutive calendar weeks, once in each week.  The first such notice is to be published no more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, pursuant to law.  If the sale is to be continued to a later date less than 60 days after the last scheduled sale, notice of any adjourned sale shall be given verbally at the originally scheduled sale time and place.

3

4. <u>REPORT OF SALE</u> The person conducting the sale shall prepare a Report Of Sale specifying the amount of proceeds of sale realized and the disposition thereof. Said Report shall be delivered to Plaintiff's Attorney for presentation to the Court for its approval. Out of the proceeds of the sale, the person conducting the sale shall retain his fees and costs. Out of the remainder of such proceeds, the person conducting the sale shall pay to the Plaintiff the amount of this Judgment found to be due with interest on said sum, at the rate of Nine (9%) percent per annum from the date of this Judgment to the date of sale plus advances by Plaintiff for the publication for Sale, taxes, maintenance, late charges, and other necessary items, plus interest thereon from the date of said expenditure to the date of sale.

In the event any party to this foreclosure is the successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this Judgment of Foreclosure, once said party's lien position has been adjudicated by the Court, plus amounts advanced for costs and expenses with interest thereon. In the event of a 3rd party bidder, the successful bidder shall pay to the person conducting the sale, no less than 10% down in certified funds, and the balance within 24 hours of the date of the sale. If the remainder of the proceeds shall not be sufficient to pay the above described amounts the person conducting the sale shall then specify the amount of the deficiency in his Report of Sale. If such remainder shall be more than sufficient to pay such amounts, the person conducting the sale shall hold the surplus subject to the further order of this Court.

5. <u>CERTIFICATE OF SALE:</u>   After the sale, the person conducting the sale shall give a Certificate of Sale to the purchaser. The certificate shall be freely assignable by endorsement thereon. Upon confirmation of the sale by Order of this Court, the person who conducted the sale shall execute a deed to the holder of the Certificate of Sale sufficient to convey title. Such conveyance shall be an entire bar of all claims of parties to the foreclosure and all claims of non record claimants given notice of the foreclosure as provided by statute.

6. <u>POSSESSION</u>   The Mortgagor shall have possession of said real estate until the sale is confirmed unless an order of Court to the contrary is entered. Upon confirmation of the sale by Order of this Court, the purchaser or his assigns, shall have a right to possession of the premises conveyed and any of the parties in this cause who are in possession of said premises, and any persons who, since the commencement of this suit, have come into possession shall surrender possession thereof to such purchaser or be subject to eviction, 30 days after the Order for Possession is entered by this Court.

4

7. The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for appointing a Receiver during the redemption period if necessary.

8. <u>TERMINATION OF LEASES</u>  All leases now existing with respect to the subject property shall automatically be terminated upon the sale of the subject property at public auction as set forth hereinbelow.

ENTERED:

_Rebecca Ta-ffrey_
Judge

DATED: _3/23/00_

Elizabeth Kaplan Meyers
Renee F. Meltzer
Michael S. Fisher
Elizabeth T. Sewruk
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
**FISHER AND FISHER**
Attorneys at Law, P.C. #3309
120 North LaSalle, Suite 2520
Chicago, IL 60602
Telephone: (773) 854-8055





## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4785 | **DATE** | 3/22/2000 |
| **CASE TITLE** | USA vs. Hartz Construction Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's oral motion for protective order to bar Defendant's Vice-President Bob Topor from attending deposition of John Reamer is denied pursuant to telephone conference call.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| ✓ | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | |
| DK | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

49





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6394 | **DATE** | 3/17/2000 |
| **CASE TITLE** | Curley vs. OSI Collection Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 6/30/00 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] On defendant's rule 12(c) motion to dismiss plaintiff's complaint, plaintiff's response by 7/7/00. Reply by 7/21/00. Ruling by mail. Parties to conduct discovery by 6/16/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | 3/23 Robbie, this was ruled on on 2/8/10, above motion was withdrawn | 3 number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 24 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | UM docketing deputy initials | 21 |
| | Mail AO 450 form. | returned 3/24/10 | | |
| | Copy to judge/magistrate judge. | | MAR 24 2000 date mailed notice | |
| rs | courtroom deputy's initials | | UM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5894 | **DATE** | 3/22/2000 |
| **CASE TITLE** | FMC Corporation vs. Trimac Bulk, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion hearing held. Defendant's motion for leave to withdraw its answer as to Counts II, III anc IV of Plaintiff's complaint at law and file motion to dismiss Counts II, III and IV of Plaintiff's complaint at law is granted. Plaintiff to file an amended complaint on or by 3/27/00. Defendant to file answer to the complaint or otherwise plead on or by 3/31/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| DK | courtroom deputy's initials |
|---|---|

number of notices

MAR 2 4 2000
date docketed

docketing deputy initials

3/22/2000
date mailed notice

DK
mailing deputy initials

Date/time received in central Clerk's Office

**Document Number**

30





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4794 | **DATE** | 3/22/2000 |
| **CASE TITLE** | U.S. Commercial vs. Galaxy | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to voluntarily dismiss the only remaining defendant, Galaxy Communications, Inc. pursuant to F.R.C.P. 41(a)(2), is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 24 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 29 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | MAR 24 2000 | |
| | | date mailed notice | |
| OR | courtroom deputy's initials | '00 MAR 23 PM 6:52 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4594 | **DATE** | March 23, 2000 |
| **CASE TITLE** | Stanley Karczyski, et al  V  Sheet Metal Workers' | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☒ Status hearing re-set to 4/5/00, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry] Defendant's motion for leave to file appearance instanter, vacate technical defaults and extend time to 4/3/00 to answer or otherwise plead is granted.

(11) [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | MAR 24 2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GDS | courtroom deputy's initials | 00 MAR 23 PM 5:20 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3594 | **DATE** | 3/23/2000 |
| **CASE TITLE** | KIMBERLY CICHON vs. ROTO-ROOTER SERVICES CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Agreed Order of Dismissal. This case dismissed with prejudice. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices 3

MAR 24 2000
date docketed

UM
docketing deputy initials

MAR 24 2000
date mailed notice

UM
mailing deputy initials

**Document Number**

**83**

JHC  courtroom deputy's initials

00 MAR 23 PM 7:10

Date/time received in central Clerk's Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KIMBERLEY CICHON,             )
                                 )
      Plaintiff           )
                                 )
      v.                  )   Civil No. 97 C 3594
                                 )
ROTO-ROOTER SERVICES COMPANY,  )   JUDGE HIBBLER
                                 )
      Defendant.         )

### AGREED ORDER OF DISMISSAL

     BY AGREEMENT of the parties:

     IT IS HEREBY ORDERED that this cause be, and the same hereby is, DISMISSED WITH PREJUDICE, pursuant to Rule 41 Fed.R.-Civ.P. and settlement agreement of the parties, all matters in controversy, including costs and attorney's fees, having been fully compromised, settled and adjourned;

     IT IS FURTHER ORDERED that this court shall retain jurisdiction over the parties and the subject matter of this suit for the purpose of enforcing the settlement agreement.

             ENTER:

              _Wm. J. Hibbler_  **DOCKETED**
                      JUDGE  MAR 2 4 2000

             Date: March _23_, 2000

Ernest T. Rossiello
ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
300 W. Washington Street, Suite 1004
Chicago, Illinois  60606
312/346-8920
Attorney for Plaintiff







# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1294 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Walter Jackson vs. Lt. Wright, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Defendants' agreed motion to enlarge the time within which to answer or to otherwise plead

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion granted. Defendants have to and including April 24, 2000 in which to answer or otherwise plead. The April 3 status hearing is vacated and reset to May 16, 2000 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 50 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | MAR 2 4 2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3774 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Davis vs. Integrated Systems | | |

**MOTION:**   [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ■  Status hearing held.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    Plaintiff's oral motion for leave to file a motion for sanctions by 4/7/00 and in excess of fifteen pages is granted. Motion shall be briefed as follows: Defendant to respond by 4/28/00. Plaintiff to reply by 5/5/00. Ruling set for 5/25/00 @ 9:00 a.m.

(11)  ☐  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| ✓ | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |

TSA

courtroom deputy's initials

Date/time received in central Clerk's Office

Document Number

29





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 274 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Banco Standard Chartered, S.A. vs. Stone Container Corp. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/24/00 at 11:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Parties joint scheduling order is rejected and amended by the court as follows: All written discovery shall be propounded by 4/10/00. All written discovery shall be answered by 5/19/00. Written list of witnesses to file with court by 5/24/00. Parties shall identify experts by 5/22/00. Expert reports due 6/19/00. All discovery, including expert discovery, to be completed by 7/28/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 2 | Document Number |
| ✓ | Notices mailed by judge's staff. | number of notices | |
| | Notified counsel by telephone. | MAR 24 2000 | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail A 450 form. | 3/23/2000 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| WJS | courtroom deputy's initials | 00 MAR 24 PM 3:10 | WJS mailing deputy initials |
| | | Date/time received in central Clerk's Office | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7564 | **DATE** | 3/23/2000 |
| **CASE TITLE** | | Dugan vs. Blackmore Sewer | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  On Plaintiff's oral motion the time in which to reinstate is extended to and including April 7, 2000.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices  3 | |
| | Notices mailed by judge's staff. | MAR 2 4 2000 | |
| | Notified counsel by telephone. | date docketed | **9** |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | MAR 2 4 2000 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7464 | **DATE** | March 23, 2000 |
| **CASE TITLE** | PRISCILLA TERRELL vs. WAL-MART STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion to Strike Plaintiff's Revised Post Trial Motion [74] is denied. Plaintiff's Motion for a New Trial and for Sanctions [66] and Revised Post Trial Motion [73] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 date docketed |
| X | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | courtroom deputy's initials | MAR 2 4 2000 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 78

PRISCILLA TERRELL,          )
                             )
        Plaintiff,        )
                             )
      v.              )     No. 96 C 7464
                             )
WAL-MART STORES, INC.,    )     Judge Joan B. Gottschall
                             )
        Defendant.      )

## MEMORANDUM OPINION AND ORDER

In two recent employment discrimination cases, the Seventh Circuit has reversed district court decisions granting summary judgment to employers because the court of appeals found the employer's purported good faith justification for its adverse action "so perverse as to cast . . . doubt on [the employer's] good faith," *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 275 (7th Cir. 1996), or so trivial in comparison to the penalty imposed as to fail "the straight-face test." *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 290 (7th Cir. 1999). What the Seventh Circuit seems to be saying in these cases is that some justifications so strain credulity that even though the plaintiff cannot demonstrate that the justification was false, he or she is entitled to have the justification tested in a trial.

Despite Wal-Mart's insistence that there was no factual dispute as to its reason for terminating plaintiff Priscilla Terrell, this court refused to grant summary judgment in this case, convinced that to fire a long-term, loyal, dedicated employee like Patricia Terrell for putting on a sweater from the clearance rack when she became cold during her work shift (after previously



DOCKETED

MAR 2 4 2000

1

being told, as others had been told, that if she became cold, she could borrow a clearance sweater) was at least as perverse as the putative good faith justifications in *Williams* and *Stalter*. Not only did the punishment seem shockingly disproportionate to the offense, but the court was not persuaded there <u>was</u> any offense. As in *Williams*, the court had trouble accepting the argument that Terrell's conduct actually violated the company rule for which she was terminated. The jury, however, resolved the question of motivation in favor of Wal-Mart. The question before the court is whether Terrell's motion for a new trial should be granted.

Wal-Mart's argument that the court denied Terrell's timely-filed motion for a new trial and had no jurisdiction to entertain an amended motion is rejected. The court told the parties that it wanted the issue of the missing employee petition approached differently, and with more support (such as relevant transcripts), than had been done in Terrell's original papers. The court, stating explicitly that it wanted to provide for this additional briefing without running afoul of any procedural bar, entered and continued the motion for a new trial to allow the further briefing. The court is aware of no reason why, if it wants additional evidence and argument on a point, it cannot, in the context of a motion for a new trial, order it. The Motion to Strike Terrell's Revised Post Trial Motion is accordingly denied.[1]

The primary issue plaintiff raises in support of her motion for a new trial is that Wal-Mart falsely denied the existence of, and failed to produce, a petition from the co-employees of plaintiff at the Bedford Park Wal-Mart store complaining that store manager Tom Kehrees, who made the decision to fire plaintiff, was a racist. Wal-Mart has steadfastly denied that it has, or

---

[1]The issue, from plaintiff's original timely-filed motion through all the subsequent papers, has been the Bedford Park employee petition and Wal-Mart's failure to produce it. Wal-Mart, significantly, never points out what issue it believes was not timely raised.

ever had, the petition, although the evidence is clear that Wal-Mart executives were aware of it and sent personnel to the Bedford Park store to investigate its allegations.

Plaintiff has provided the court with only excerpts from the trial testimony, and the court has no independent recollection of precisely what rulings it made with respect to the unsigned copy of the petition plaintiff offered. The transcript excerpts are sufficient to demonstrate that plaintiff was permitted to bring out at trial that Darryl Gunn, Wal-Mart's district manager, was made aware at some point by regional manager Michael Rail that employees at the Wal-Mart Bedford Park store had sent a petition to Wal-Mart complaining of discriminatory conduct on the part of Kehrees (including, but not limited to, racism). Gunn also testified that it was his understanding that there were signature pages attached to the petition comprised of signatures of Bedford Park employees complaining about Kehrees. There was also testimony at trial and at deposition by various employees who stated that they signed a petition complaining about Kehrees, and there was testimony that at some point, there were three pages of signatures attached to the petition. Plaintiff was permitted to question witnesses based on the race discrimination allegations in the petition.

In discovery, Wal-Mart asserted that the only complaint of race discrimination by Kehrees it had ever received other than plaintiff's was "an anonymous letter." In its response to plaintiff's originally-filed post-trial motion, Wal-Mart asserted, "Neither Wal-Mart nor its lawyers ever received any petition with signatures from the Bedford Park Store's employees." Since it is clear from Gunn's testimony that Rail informed Gunn that there was a petition with employee signatures, it is difficult to understand how Wal-Mart could make the discovery response it did, unless Wal-Mart's position is that Rail learned of the petition but never saw it, an

argument Wal-Mart has never made to the court's knowledge. The court is in the dark as to whether Rail or Coleman Peterson, whom Gunn testified investigated the petition, were ever deposed in this case, and if so, what they said about whether, under what circumstances and in what condition the petition found its way into Wal-Mart's offices.

Plaintiff claims that the result of the trial would have been different if Wal-Mart had produced the signature pages prior to trial because it would have allowed her to locate witnesses who might have observed other instances of race discrimination on Kehrees' part. While the petition clearly would have been helpful to plaintiff, the court does not understand why plaintiff could not find such witnesses independently, simply by getting an employee list and interviewing people on the list. While the court can, as a hypothetical matter, imagine that employees contacted by plaintiff might deny having witnessed discrimination, and that confronting them with their signature on a petition could help induce them to provide information, there is no indication in the record that plaintiff attempted to find and interview other employees. The court must therefore assume that plaintiff could have gotten the information she seeks and had she attempted to do so.

Had plaintiff proven that at the time she sought the petition from defendant, defendant had the petition but failed to disclose it, she would not only win this motion but the court would readily impose substantial sanctions on defendant. But she has provided no evidence that defendant had the petition at the time she requested it. That being the case, the issue comes down, not to defendant's misconduct, since misconduct (apart from the questionable discovery response, of which more later) has not been established, but to the prejudice plaintiff suffered by the fact that Wal-Mart, which either had the petition or had access to the petition at the time it

conducted its investigation, did not have it when plaintiff requested it. The court is of the view that because the evidence was otherwise available (even if it required plaintiff to contact a large number of employees to find persons who would corroborate her experience), Wal-Mart's failure to preserve the evidence does not justify a new trial. The evidence was available to plaintiff, even if finding it was made more difficult.

The court agrees with plaintiff that in view of the testimony of district manager Darryl Gunn, Wal-Mart's interrogatory response that the only complaint it received besides plaintiff's was an anonymous letter is, at the very least, misleading. However, since plaintiff appears to have known well before trial that there was a petition rather than an anonymous letter, the misleading interrogatory response could not have prejudiced her and accordingly, does not justify a new trial.

The court does not believe it erred in refusing to allow plaintiff to cross-examine witness Diane Gabriel, who testified at trial that she never heard Kehrees use the word "nigger" in reference to black employees, by bringing out Gabriel's statement in her deposition that it is "possible" that Kehrees used the word. Asking her if it was "possible" called for speculation. For that reason the court declined—and it believes properly—to allow plaintiff to use the "possible" statement to impeach Gabriel at trial.

There were days when a district judge, suspecting that a jury had made a mistake, could order a new trial. Those days are over, at least when the judge's problem with the jury verdict centers on the jury's resolution of a simple factual dispute like motivation. *See Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995). While considerable experience with juries has led this court to have some doubts as to the ability of most jurors to accept the reality of race discrimination and

understand the insidious ways in which it works, this jury may well have adequately understood its task. Moreover, the court's problem with this verdict is that it finds Wal-Mart's purported justification for firing plaintiff so unreasonable as to strain credulity. Even if the court is right, that does not mean that the jury was required to find that Wal-Mart's motivation was racism. A reasonable jury could have found that Wal-Mart acted arbitrarily and unfairly but did not do so on the basis of plaintiff's race. The Seventh Circuit has made clear that a verdict of a jury cannot be set aside simply because the trial judge, sitting as the trier of fact, would have reached a different result. *Id.*

For the reasons stated above, Wal-Mart's Emergency Motion to Strike Terrell's Revised Post Trial Motion [74] is denied. Plaintiff's Motion for a New Trial and for Sanctions [66] and Revised Post Trial Motion [73] are denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED:   March 23, 2000





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5864 | **DATE** | 3/23/2000 |
| **CASE TITLE** | BRADLEY BAKER vs. DANIEL BERGER, M.D., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to strike plaintiff's affidavits is taken under advisement. Plaintiff to respond by 4/13/00. Defendants to reply by 4/27/00. Ruling by mail.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

| JHC | courtroom deputy's initials |
|---|---|

3
number of notices

MAR 24 2000
date docketed

docketing deputy initials

MAR 24 2000
date mailed notice

mailing deputy initials

**Document Number**

26

Date/time received in central Clerk's Office





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3464 | **DATE** | 3/23/2000 |
| **CASE TITLE** | St. Paul Surplus Lines Insurance Co. vs. Tensor Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/11/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Joint motion to extend discovery and date for submission of pretrial order is granted. Discovery is extended to 5/12/2000 which includes experts, if any. Date for submission of the final pretrial order in open court is reset to 6/13/2000 at 9:30 a.m. These are again final dates and will not be extended for either party.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| | Notices mailed by judge's staff. | MAR 2 4 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 13 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | MAR 2 4 2000 | |
| CW | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3364 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Lepper vs. Kenneth S. Apfel | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Agreed motion for additional time to respond to defendants' motion to dismiss is granted. Deadline for filing of response is extended to 4/19/00. Reply brief deadline is extended to 5/10/00.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | 2 | |
| | Notices mailed by judge's staff. | | MAR 2 4 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 00 MAR 23 PM 6:45 | MAR 2 4 2000 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 164 | **DATE** | 3/23/2000 |
| **CASE TITLE** | SMITH vs. BOSSENOMU | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Order entered 3/21/00 striking plaintiff's motion to compel and rule to show cause against Nadine Kmiec of the Legal Department at Cook County Department of Corrections is vacated.  Plaintiff's motion to compel and for rule to show cause against Nadine Kmiec is withdrawn.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | number of notices | | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | MAR 24 2000 | | | |
| ✓ | Docketing to mail notices. | | date docketed | | | 4 |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | | |
| DL | courtroom deputy's initials | | date mailed notice | | | |
| | | | Date/time received in central Clerk's Office | | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4644 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Krocka vs. City of Chicago, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff to file response to defendant's Motion to Unseal Documents Retained In Camera and to Enforce Defendant's Subpoena to Plaintiff's Medical Treater by 4/5/00. Defendant to file a reply by 4/12/00. Ruling will be my mail.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 4 2000 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | **30** |
| ✓ | Copy to judge/magistrate judge. | | 3/23/2000 | |
| | | | date mailed notice | |
| | TH✓ | courtroom deputy's initials | TH | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5134 | **DATE** | 2/28/2000 |
| **CASE TITLE** | LABORERS' PENSION FUND vs. G & P CONSTRUCTION and MAINTENANCE | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiffs' motion for default and to compel an audit [3-1,2] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

CG    courtroom deputy's initials

number of notices

MAR 2 4 2000
date docketed

docketing deputy initials

3/23/2000
date mailed notice

CG
mailing deputy initials

Date/time received in central Clerk's Office

Document Number

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LABORERS' PENSION FUND and )
LABORERS' WELFARE FUND OF THE )
HEALTH AND WELFARE DEPARTMENT )
OF THE CONSTRUCTION AND GENERAL )
LABORERS' DISTRICT COUNCIL OF )
CHICAGO AND VICINITY, and JAMES J. )
JORGENSEN, Administrator of the Funds, )
)
        **Plaintiffs,** )
)
       v. )    **Case No. 99 C 5134**
)
G & P CONSTRUCTION and )
MAINTENANCE COMPANY and GEORGE )    **Judge Guzmán**
WALKER, in his individual capacity, )
**Defendants.** )



**DOCKETED**

**MAR 2 4 2000**

<u>ORDER</u>

This cause coming to be heard before the Court on the plaintiffs' Motion for Default and to Compel an Audit; due notice having been given to defendants, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. A default is entered against defendant, G & P Construction and Maintenance Company.

2. Defendant, G & P Construction and Maintenance Company through its president George Walker shall permit inspection by the Funds' auditors of the following books and records including but not limited to the following:

1. Copies of state unemployment compensation returns and federal payroll tax returns.

2. Payroll register or individual earnings records with details of actual hours worked and hourly rates.

3. Copies of reports filed with Laborers' Welfare and Pension Funds and reports filed with other funds.

4. Yearly statements for recipients of nonemployee compensation, also known as Federal Form 1099.

5. Cash disbursements records for the entire period.

6. Any other records you feel aid us in our review and simplify the determination of those employees that should be classified as laborers.

Defendant G & P Construction and Maintenance Company shall permit plaintiffs' auditors

access to the books and records at a mutually convenient time and place on or before April 30,

2000.

**E N T E R E D**

DATE 3/28/00

*(signature)*

United States District Court





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2734 | **DATE** | 3/23/2000 |
| **CASE TITLE** | White vs. H.R. Managment | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 4/4/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The court relieves court appointed counsel Marty Jay Schwartz of Rule 11 safe Harbor Notice. Defendant, First Chgo's motion to dismiss is denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 24 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAR 24 200 | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 434 | **DATE** | 3/23/2000 |
| **CASE TITLE** | The Charles Machine vs. Subsite Services, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Agreed motion for leave of Ms. A. Michelle Campney and Mr. Robert D. Tomlinson to appear pro hac vice is granted.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

TP/WCS  courtroom deputy's initials

3
number of notices

MAR 24 2000
date docketed

MAR 24 2000
docketing deputy initials

MAR 24 2000
date mailed notice

MAR 24 2000
mailing deputy initials

00 MAR 23 PM 4:54

Date/time received in central Clerk's Office

Document Number

9





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 134 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Ira Bell, et al vs. Associated Plastic, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> E. Lee Pinney, Jr.'s Motion For Leave To File Third-Party Complaint

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 4/20/2000 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion granted. Ruling on motion to compel continued, but court directs discovery of testimony of Mr. Lingner and other attorneys with his firm as well as documents in possession of Kakacek and Lingner.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices 10

date docketed Q 2 4 2000

docketing deputy initials

Document Number 207

ETV6

courtroom deputy's initials

00 MAR 23 PM 4:46

MAR 2 4 2000

Date/time received in central Clerk's Office

mailing deputy initials





# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4783 | **DATE** | 3/23/2000 |
| **CASE TITLE** | Harris et al vs. Univ of Illinois at Chgo et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion to reconsider denial of plaintiffs' motion for leave to file an amended complaint and to add additional parties defendant, is denied. Defendant's motion to extend time to May 11, 2000 for filing Bill of Costs is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 2 4 2000 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SCT | courtroom deputy's initials | MAR 2 4 200 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

83