Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5967 | **DATE** | 7/28/2000 |
| **CASE TITLE** | KEVIN BOCK vs. COMPUTER ASSOCIATES INTERNATIONAL, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to amend judgment [72-1] is granted. Plaintiff's motion to amend judgment [70-1] is granted in part and denied in part. Plaintiff shall submit a proposed amended final judgment order consistent with this order by August 11, 2000. ENTER MEMORANDUM OPINION AND ORDER

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | date docketed 2000 |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WS | courtroom deputy's initials | 7/28/2000 date mailed notice |
| | | jad mailing deputy initials |
| | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN BOCK, | ) |
| | ) |
| Plaintiff, | ) No. 99 C 5967 |
| | ) |
| v. | ) Suzanne B. Conlon, Judge |
| | ) |
| COMPUTER ASSOCIATES INTERNATIONAL, | ) |
| INC. and PLATINUM TECHNOLOGY, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Kevin Bock sued Computer Associates International, Inc. ("Computer Associates") and Platinum Technology, Inc. ("Platinum") for breach of a severance pay agreement. On May 23, this court entered judgment for Bock and against Computer Associates in the amount of $1,646,428.00 plus interest and reasonable attorneys' fees. Both parties move to alter or amend the final judgment order pursuant to Fed. R. Civ. P. 59(e).

## BACKGROUND

In 1998, Bock signed a severance pay agreement with Platinum which entitled him to payment if he was terminated without cause after a change in control of the company. At Platinum, Bock's compensation consisted of a base salary and commissions; his commission payments were significantly more than his base salary. In March 1999, Computer Associates purchased Platinum and, as a result of the change of ownership, terminated Bock June 7, 1999. This dispute centered on whether Bock's commission compensation should have been included in the calculation of his severance benefits under the severance pay agreement. Computer Associates claimed the severance agreement did not include

commissions. Bock claimed the severance payment should include commissions and calculated his payment as $1,636,428. Following a bench trial, this court entered judgment in Bock's favor on May 10, 2000. At the conclusion of its findings, the court directed Bock to prepare a proposed judgment order. On May 12, 2000, Bock submitted a proposed order in the amount of $1,827,535.08, consisting of $1,646,428 in principal and $168,205.02 in interest; Computer Associates disputed Bock's interest calculations. On May 23, 2000, the court entered a verdict in favor of Bock in the amount of $1,646,428 plus interest and reasonable attorneys' fees. Both parties move to alter or amend the judgment.

## DISCUSSION

### I   Computer Associates' motion to amend

Computer Associates claims that insofar as the judgment requires payment of a lump sum of $1,646,428, it is inconsistent with the terms of the severance agreement. Computer Associates contends the severance agreement requires Bock to choose either twenty-four monthly payments equaling $1,646,428 or a lump sum discounted for present value. According to Computer Associates, by awarding Bock a lump sum equal to the total of the monthly payments without discounting that amount for present value, the court awarded Bock a windfall of approximately $90,000. Computer Associates concludes that the judgment should be amended and Bock should be ordered to choose one of the options provided in the agreement. Bock contends that if the judgment is reduced, Computer Associates will receive the windfall of "borrowing" Bock's money interest free over the last year and it should not be allowed the benefit of the contract it has breached.

2

Computer Associates' argument is persuasive. The severance agreement states:

> The Aggregate Severance Pay shall be payable, at the Severance Pay Rate, in accordance with the Company's or its successor's standard payroll practices during the applicable Payout Period. In lieu of regular payments of the Aggregate Severance Pay during the Payout Period, Executive shall be entitled to receive, upon Executive's written election delivered within 10 business days following the termination of Executive's employment with the Company, a lump sum payment equal to the present value of the stream of monthly payments of the Aggregate Severance Pay during the Payout Period, for purposes of which each monthly payment shall be equal to the severance Pay Rate divided by twelve. For purposes of this computation, present value shall be determined in accordance with Internal Revenue Code (the "Code") Section 280G, using a discount rate equal to 120% of the applicable Federal Rate (determined under Section 1274(d) of the Code), compounded semi-annually, determined as of the date of Executive's election to receive the lump sum payment provided for herein.

*See* Def. motion to amend, Ex. C. Bock's payout period was twenty-four months. Thus, under the agreement, Bock was entitled to either twenty-four equal monthly payments equaling $1,646,428, the amount of his total severance package, or a single lump sum payment equal to the present value of those monthly payments.

Bock's objection that amending the judgment will allow Computer Associates the windfall of borrowing his money without interest is simply inaccurate. Under either payment method, Bock is entitled to interest calculated from the time payment was due through the date of the final amended judgment. If he chooses a lump sum, he is entitled to $1,646,428 discounted for its present value on June 7, 1999, plus interest from June 7, 1999 to the date of the amended final judgment. Alternatively, if Bock chooses monthly payments, he would now receive an amount equal the total of past due monthly payments (fourteen payments assuming the payment for July 2000 is past due) plus interest accruing from each payment's due date. Computer Associates is clearly obligated under the agreement to pay interest on payments that are past due. Similarly, Bock's suggestion that the motion should be

3

denied because Computer Associates is unlikely to make timely future payments is unpersuasive. Under the agreement, if Computer Associates fails to make timely payments, interest will accrue on each payment beginning on the due date at the prime rate plus 2%.

In essence, requiring Bock to choose between monthly payments and a discounted lump sum does not allow Computer Associates to benefit from breaching the agreement. It simply places Bock in the position he would have been in if Computer Associates had initially honored the severance agreement. Accordingly, Computer Associates' motion to alter or amend the judgment must be granted.

## II    Bock's motion to amend

Bock requests that the order be amended to include interest from June 7, 1999 through entry of the amended final order. Computer Associates does not object to paying interest but disputes the rate of interest Bock requests. The severance agreement provides "[a]mounts payable to Executive hereunder which are not paid when due to be paid shall bear interest from their due date at the prime rate of interest published from time to time in the Midwest edition of the Wall Street Journal plus two percent (2%)." Id. Bock contends that the interest should be calculated at 11%. This rate reflects 9%, the prime rate on May 23, 2000, the time the judgment was entered, plus 2% as specified by the agreement. Computer Associates contends the interest should be calculated at 9.75%. This rate reflects 7.75%, the prime rate on June 7, 1999, the time Bock was terminated and originally due to be paid, plus the 2% specified by the agreement. In essence, Bock claims the interest should be calculated using the highest prime rate in effect from June 1999 through May 23, 2000 and Computer Associates claims it should be calculated with the lowest. In the alternative, Computer Associates

4

argues the interest rate should be calculated using the average prime rate or be calculated daily based on actual interests rates during the time period.

Both positions lack merit. The prime interest rate has increased consistently from June 7, 1999 until the present. *See* Bock's Mot. Ex. D, PX 47. Calculating interest based on the rate at the time of judgment would allow Bock to receive a higher rate than was in effect for the majority of the time period. He offers no support for this contention and the court finds no reason to do so. Similarly, calculating interest based on the rate at the time of termination would force Bock to accept a lower interest rate than was available for the majority of the time period. Computer Associates offers no support for its request to use the lower interest rate and the court finds no reason to do so. However, Computer Associates' alternative suggestions are more reasonable.

The appropriate method is to calculate interest based on daily prime rates during the time period. This approach would reflect Bock's actual loss as a result of the delayed payment and would avoid awarding either party a windfall based on increasing interest rates. Furthermore, the parties present no reason why this can or should not be done. Accordingly, Bock's motion to amend is granted in part and denied in part. Bock is entitled to interest for any overdue payments from June 7, 1999 until the date of the amended final judgment order. Interest accrues from the date the payment was due and shall be determined by calculating daily interest based on the actual prime rate for that day plus 2%.

## CONCLUSION

Computer Associates' motion to amend judgment is granted. In accordance with the severance agreement, Bock must choose either twenty-four monthly payments equaling $1,646,428 or a lump

5

sum payment equal to the monthly payments discounted to its present value on June 7, 1999 plus interest. Bock's motion to amend judgment is granted in part and denied in part. The judgment shall include interest for the amount past due from June 7, 1999 through the date of the amended final judgment order. Interest shall be determined by calculating daily interest rates based on the varying prime rate plus 2%. Bock shall submit a proposed amended final judgment in accordance with this order by August 11, 2000.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 28, 2000